UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROGER SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00382-JPH-DLP |
| ) | |
| SAMUEL BYRD, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening the Amended Complaint
and Dismissing Deficient Claims**

The plaintiff's motion to file an amended complaint, dkt. [13], is **granted**. The amended complaint will completely replace the original complaint filed on October 21, 2019. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

Plaintiff Roger Sloan, an inmate at the Wabash Valley Correctional Facility (Wabash Valley), brings this action pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the defendants' deliberate indifference to his serious medical condition. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a

1

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint appears to be a photocopy of the original complaint. *Compare* Dkt. 11 and dkt. 13-1. The only substantive difference is the prayer for relief.[1] While the original complaint requests "an amount deemed proper for compensatory and punitive damages against each defendant for physical injuries," dkt. 11 at 5, the amended complaint specifies a request for $700,000 in both compensatory and punitive damages against each defendant. Dkt. 13 at 6.

The amended complaint names the following defendants: (1) Dr. Samuel Byrd; (2) Kim Hobson, Health Administrator; (3) Dr. Kuenzli; (4) Dr. Benny Seto; and (5) Wexford Health Services (Wexford).

Mr. Sloan alleges that on August 14, 2017, he injured his hand playing basketball. The medical staff at Wabash Valley took an x-ray to determine whether the hand was broken. Dr. Seto, an off-site physician, took an additional x-ray and diagnosed Mr. Sloan with a broken hand. Dr. Seto told Mr. Sloan that his hand did not require surgery. Dr. Seto said he could set the broken hand in a cast and let it heal, but he would have to wait for approval from Wabash Valley.

Wabash Valley did not approve any medical treatment for Mr. Sloan's hand for two months. During that time, the broken bones began to heal on their own. Dr. Seto told Mr. Sloan that he still believed the surgery was unnecessary. Mr. Sloan said he would not refuse Dr. Seto's recommended treatment because he was a prisoner. He also told Dr. Seto that he would have to perform surgery on his hand unless he submitted paperwork to Wabash Valley that recommended

---

[1] Mr. Sloan also corrected a typographical error and inadvertently included a page from his proposed notice and waiver form between pages 1 and 2.

a different course of treatment. Instead of filling out this paperwork, Dr. Seto chose to perform a surgery on Mr. Sloan's hand that he knew was unnecessary.

Mr. Sloan's condition became worse as a result of the surgery. He can no longer make a fist with his hand and has constant, severe pain. The surgery also caused Mr. Sloan to develop carpal tunnel syndrome. Dr. Seto performed a second surgery to treat the carpal tunnel, but Mr. Sloan's hand is still worse than it was before.

Dr. Seto prescribed a course of physical therapy as part of Mr. Sloan's post-operative care. After Mr. Sloan completed a single session with a physical therapist, he was denied additional physical therapy. Prison staff either misplaced or confiscated the pamphlets Dr. Seto gave to Mr. Sloan that demonstrated the physical therapy exercises he could perform on his own.

Mr. Sloan was not sent to a hand specialist for seven months. Other delays in medical treatment arose because the nurses at Wabash Valley make it difficult for prisoners to be seen by doctors.

Dr. Byrd is providing Mr. Sloan with post-operative care at Wabash Valley. His attempts to treat Mr. Sloan's pain have been unsuccessful. Dr. Byrd kept giving Mr. Sloan seizure medication even though it did not help relieve his pain. Dr. Byrd refused to give Mr. Sloan a nerve medication that Dr. Seto had prescribed.

### III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

3

Based on the screening standard set forth above, Mr. Sloan's Eighth Amendment claims against Dr. Seto, Dr. Byrd, and Wexford **shall proceed**.

The amended complaint does not make any factual allegations against Dr. Kuenzli or Kim Hobson. Accordingly, the claims against Dr. Kuenzli and Ms. Hobson are **dismissed**. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation.").

### IV. Summary

Mr. Sloan's motion to file an amended complaint, dkt. [13], is **granted**.

Mr. Sloan's Eighth Amendment claims against Dr. Seto, Dr. Byrd, and Wexford **shall proceed**. His claims against Dr. Kuenzli and Ms. Hobson **are dismissed**.

Defendants shall have **through April 3, 2020**, to answer the amended complaint.

The **clerk is directed** to redocket the amended complaint. Dkt. [13-1].

**SO ORDERED.**

Date: 3/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROGER SLOAN
910908
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

William W. Drummy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
wwdrummy@wilkinsonlaw.com